BLANCHE, Judge
(concurring).
I concur with the result. However, I am not willing to rest the retention of the defendants in the suit solely on the ground that they were joined with an alleged soli-dary obligor. The only defendant before the Court on the exception to the jurisdiction to the court was the Board of Commissioners of the Port of New Orleans. After a hearing on the rule, the minute entry reflected that only the Board of Commissioners was affected by the ruling. Thereafter, a judgment was signed by this writer as trial judge not only dismissing the action as to the Board but dismissing it as to “all defendants” even though no defendant except the Board of Commissioners had filed any pleading to suggest that they be dismissed from the suit. The trial judge called the judgment a “mistake” and he was correct. However, the only “mistake” made was by this writer in signing a judgment submitted to it by counsel without reading it very carefully. I cannot assume the inclusion of the defendants in the judgment of dismissal by counsel for the Board was inadvertent. He evidently assumed it was proper to include in a judgment of dismissal in his favor a judgment also in favor of other defendants even though the said defendants had filed no pleadings seeking the relief obtained.
The requirement that all pleadings be in writing is a mandatory provision of Article 852, Code of Civil Procedure. It is a requirement of substance as well as of form. It is required in a system of justice that employs the adversary concept.
Research has failed to provide a case directly in point, doubtless because none have had the audacity to stand on a judgment which was granted in the absence of pleading or appearance. However, Judge Porter’s statement regarding the function and purpose of pleading as far back as 1826 in the case of Ory v. Winter, 4 Mart. (N. S.) 277, is still the law:
“One of the most valuable features of our jurisprudence, is the simplicity with which parties are permitted to bring their rights before the tribunals of justice. Those technicalities which, in other countries, embarrass and obstruct the progress of justice, are unknown to it. All it requires is, that each party should *75 allege his grounds of attack or defence so specially, that the adversary shall not be taken unawares, by matters springing up on the trial of which he was not apprised by the pleadings; and that the judgment which may be rendered on the issue joined, will enable him, against whom it has been given, to protect himself by the plea of res judicata, should a subsequent demand be made for the same thing.” (Ory v. Winter, 4 Mart. [N.S.] 277, 280)
This writer is of the opinion that the judgment sought, to be set aside here was rendered in violation of both the spirit and the letter of our pleading and practice and was a radical nullity. In the instant case neither court nor counsel for the Board could supply the relief obtained by these defendants dismissing them from the suit. For these reasons as well as for those assigned, the judgment of the District Court should be affirmed.